UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:17-cv-00219-AGF ) |
| ZOIE LLC, d/b/a DANA HOWARD CONSTRUCTION, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiffs' motion (ECF No. 10) for a finding of civil contempt and sanctions against Defendant Zoie LLC, d/b/a Dana Howard Construction. Plaintiffs brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions. On February 22, 2017, the Clerk of Court entered default against Defendant. By Order dated March 13, 2017, the Court granted Plaintiffs' unopposed motion to compel an accounting, and ordered Defendant to submit its payroll registers and other documents needed to perform an audit, to an auditor of Plaintiffs' choice, within 30 days of the date of the Order. The Court cautioned Defendant that failure to do so might result in a finding of civil contempt against Defendant and the imposition of sanctions, including a fine and/or incarceration. The Court ordered Plaintiffs to effect service of the March 13, 2017 Order on Defendant by the means they believed to be most effective, and to file a certificate of such service.

On April 21, 2017, Plaintiffs filed the present motion for a finding of contempt against Defendant. In support of the motion, Plaintiffs have submitted the affidavit of their counsel, also dated April 21, 2017, stating that on March 20, 2017, she delivered via process server a copy of the Court's March 13, 2017 Order to Defendant[1] and that, as of the date of the affidavit, Defendant neither responded not complied with the Order compelling an accounting. Plaintiffs request the imposition of a fine of $200 a day for each day of noncompliance, and the attorney's fees and expenses incurred by Plaintiffs in bringing this motion for contempt. Plaintiffs further state that, should Defendant continue to fail to comply, Plaintiffs "will also request that a writ of body attachment be issued for defendant's principal officer, Dana Howard." ECF No. 11 at 2.

Such relief could well be appropriate. Civil contempt proceedings may be employed in an ERISA case such as this to "coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). The Court's civil contempt power, which includes the power to impose a fine or incarceration, also "extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Id.* at 507 (holding that the district court's payment orders in an ERISA case were binding upon the corporate defendant's sole shareholder and corporate officer and agent who had notice of it, even though the order made no specific reference to him); *Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing & Mech. Inc.*, No. 4:05CV2266 CDP, 2008 WL 2224791, at *2 (E.D. Mo. May 27, 2008); *Carpenters' Dist. Council of St. Louis & Vicinity v. DLR Opportunities, Inc.*, No. 4:07-CV-61 CAS, 2008 WL 163590, at *1 (E.D. Mo. Jan. 17, 2008).

---

[1] The process server has also submitted an affidavit stating that he served the Court's March 13, 2017 Order on Defendant on March 20, 2017 by "personally serving Scott Myers, authorized to accept process therefore and on behalf of" Defendant. ECF No. 9.

Here, the record establishes that Dana C. Howard is Defendant's owner.  *See* ECF No. 5-2.  However, Plaintiffs have not provided the Court with proof that Howard has the responsibility to comply with the Court's March 13, 2017 Order and was personally apprised of the Court's Order.  Although Plaintiffs' counsel has provided proof that she served Defendant with a copy of the March 13, 2017 Order, it is not clear from the record whether Howard, as an individual, was provided notice of the Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zoie LLC, d/b/a Dana Howard Construction, shall have up to and including **May 31, 2017**, to show cause in writing why it should not be held in civil contempt and the sanctions requested by Plaintiffs imposed against it for failure to comply with the Court's Order of March 13, 2017.

**IT IS FURTHER ORDERED** that Plaintiffs shall provide notice of the Court's March 13, 2017 Order and this Order to Defendant's principal officer with responsibility to comply with the Orders, and shall provide the Court, on or before **May 31, 2017**, with proof specifying the manner in which they have done so.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Defendant Zoie LLC, d/b/a Dana Howard Construction, at the address reflected in the record.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2017.