UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:17-cv-00219-AGF ) |
| ZOIE LLC, d/b/a DANA HOWARD CONSTRUCTION, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions, is before the Court on Plaintiffs' motion (ECF No. 10) for a finding of civil contempt and entry of monetary sanctions against Defendant Zoie LLC, d/b/a Dana Howard Construction, for failure to comply with the Court's March 13, 2017, Memorandum and Order (ECF No. 8) to provide documents needed to perform an audit. The Court previously granted Plaintiffs' motion to compel the audit in order to determine the amount of Defendant's liability following the entry of default against Defendant on February 22, 2017. Plaintiffs request the imposition of a fine of $200 a day for each day of noncompliance, and the attorney's fees and costs incurred by Plaintiffs in bringing the motion for contempt.

On May 1, 2017, the Court ordered Defendant to show cause on or before May 31, 2017, why Defendant should not be held in civil contempt and why the sanctions requested by Plaintiffs should not be imposed against it for failure to comply with the Court's Order of March

13, 2017, compelling an audit. Despite proper notice and personal service upon Defendant's agent authorized to receive service of process,[1] Defendant has not responded to Plaintiffs' motion or to the Court's Order to Show Cause.

Courts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions. *See Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504-05 (8th Cir. 2000). Appropriate sanctions include monetary fines and the issuance of a writ of body attachment for incarceration until the contempt is purged. *See, e.g.*, *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975) (fines); *Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC*, No. 4:08CV01501 ERW, 2011 WL 3891870, at*1 (E.D. Mo. Sept. 1, 2011) (body attachment). In addition, the issuance of an order of contempt may include, pursuant to Federal Rule of Civil Procedure 37(b), sanctions such as attorney's fees and costs. A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. *Chicago Truck Drivers*, 207 F.3d at 504–05.

Courts in this district have previously imposed compliance fines in ERISA delinquency collection cases and have ordered a defendant to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a court order. *See, e.g.*, *Greater St. Louis Constr. Laborers Welfare Fund v. Marshall Contracting, LLC*, No. 4:12CV00524 JAR, 2012 WL 4759772, at *2 (E.D. Mo. Oct. 5, 2012) (ordering the defendant in contempt to pay $200 per

---

[1] On May 16, 2017, Plaintiffs submitted an affidavit (ECF No. 13) verifying personal service by private process server on Defendant of the Court's March 13, 2017, Memorandum and Order compelling an audit, and its May 1, 2017 Memorandum and Order to Show Cause.

day for every day of non-compliance, as well as the plaintiffs' attorney's fees and costs of their motions for a default order of accounting and for contempt).

On the basis of the record before it, the Court finds that Plaintiffs have proven by clear and convincing evidence that Defendant, despite notice of Plaintiffs' complaint and motions and of this Court's Orders, has failed to respond to or comply with those Orders. Therefore, the Court finds Defendant in contempt and will award sanctions against Defendant in the form of a compliance fine and attorney's fees and costs for the filing of the motion for contempt.

In their memorandum in support of their motion for contempt, Plaintiffs state that, should Defendant continue to fail to comply, Plaintiffs "will also request that a writ of body attachment be issued for [D]efendant's principal officer, Dana Howard." ECF No. 11 at 2. Although Plaintiffs have provided proof that they personally served Mr. Howard with copies of the Court's Orders (ECF No. 13), as the Court has previously advised Plaintiffs, before imposing any sanctions against Mr. Howard, the Court would require Plaintiffs to provide proof, by affidavit or otherwise, that Mr. Howard is Defendant's principal officer with responsibility to comply with the Court's Orders. *See Chicago Truck Drivers*, 207 F.3d at 507 (holding that the court's civil contempt power, which includes the power to impose a fine or incarceration, "extends to non-parties who have notice of the court's order and the responsibility to comply with it").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for contempt is **GRANTED**. ECF No. 10. Defendant Zoie LLC, d/b/a Dana Howard Construction is found in **CONTEMPT** of this Court. As sanctioned, Defendant is liable for a fine of $200 per day, beginning three days after the date on which it receives service of this Memorandum and Order, for every day that it fails to submit its records for inspection or otherwise comply with this Court's Orders and Plaintiffs'

discovery requests.  Plaintiffs shall file a notice promptly advising the Court if and when Defendant produces its records for inspection.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of attorney's fees and costs of its motion for contempt is **GRANTED**.  Plaintiffs shall submit a supplemental memorandum and affidavit in support of its request for such fees and costs within **7 days** of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that to the extent Plaintiffs wish to seek sanctions against any officer of Defendant, Plaintiffs must file an appropriate motion and memorandum in support thereof clearly identifying the name of the officer and the address at which he or she may be personally served, and Plaintiffs must attach proof, by affidavit or otherwise, that the officer is Defendant's principal officer with responsibility to comply with the Court's Orders and has personally received notice of the Court's Orders.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Memorandum and Order on Defendant by whatever means they believe to be most effective, and shall promptly file a certificate specifying the date and manner of such service.  Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the sanctions ordered herein.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2017.